**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.M., R.M., T.M., K.M.-2, and G.M.**

**No. 21-0987** (Nicholas County 20-JA-68, 20-JA-69, 20-JA-78, 20-JA-79, and 20-JA-80)

**MEMORANDUM DECISION**

Petitioner Mother A.M., by counsel Joseph Mosko, appeals the Circuit Court of Nicholas County's November 9, 2021, order terminating her parental and custodial rights to C.M., R.M., T.M., K.M.-2, and G.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Denise N. Pettijohn, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to R.M.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner's alcohol use impaired her ability to parent the children. The DHHR alleged that in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Further, because two children share the same initials, we refer to them as K.M.-1 and K.M.-2, respectively, throughout this memorandum decision.

[2]The circuit court terminated petitioner's parental and custodial rights all of the children below. Petitioner only challenges the termination of her parental rights to R.M., who is petitioner's only biological child that is subject to these proceedings. She does not challenge the termination of her custodial rights to the other children.

July of 2020, petitioner was drinking alcohol while playing a board game with the father, K.M.-1, C.M., and R.M.[3] Petitioner's behavior became "erratic," and she attempted to strike the father. Petitioner grabbed then-two-year-old R.M. and attempted to leave the home with the child, pushing then-thirteen-year-old C.M. in the process. Petitioner was so intoxicated, however, that she fell as she was leaving the home, striking R.M.'s head against the door frame and dropping a lit cigarette on the child. Thereafter, petitioner left the residence with R.M. Law enforcement later charged petitioner with three misdemeanor counts of domestic battery, one misdemeanor count of domestic assault, and one felony count of child neglect. The DHHR further alleged that the family was investigated in June of 2020 due to similar allegations of excessive drinking and domestic violence. The DHHR later amended the petition to include the father's other biological children, infant respondents T.M., K.M.-2, and G.M., and the respective mothers of those children, who were deemed nonabusing parents.

Petitioner stipulated to the allegations in the petition in October of 2020, and the circuit court adjudicated her as an abusing parent and the children as abused and neglected children upon that stipulation. In December of 2020, the circuit court granted petitioner a post-adjudicatory improvement period. As terms of her improvement period, the court ordered petitioner to participate in random drug and alcohol screening, in-home services, and a parental psychological evaluation. The court also required petitioner to remain drug and alcohol free, maintain contact with the DHHR, obtain suitable housing, and maintain employment. The parties later agreed that petitioner would be required to complete an inpatient substance abuse treatment program. Petitioner was later granted an extension to her post-adjudicatory improvement period in January of 2021 and a post-dispositional improvement period in June of 2021.

The circuit court held the final dispositional hearing in November of 2021. During the hearing, the DHHR recommended termination of petitioner's parental and custodial rights, and the guardian concurred with that recommendation. The court heard testimony from the DHHR worker monitoring petitioner's improvement period, as well as one of petitioner's service providers, representatives from two inpatient substance abuse treatments with whom petitioner engaged, and petitioner herself.

Upon the conclusion of that testimony, the circuit court found that petitioner failed to complete the terms of her improvement period. The court also noted that petitioner was required to complete an inpatient substance abuse treatment program. However, petitioner was terminated from one program and left a second program voluntarily. The court found that petitioner was currently enrolled in a sober living facility. The court noted that this facility did "not conduct drug screening" and that petitioner had "voluntarily and intelligently resided there knowing that she was not complying with the terms of her improvement period." The court also found that petitioner missed several drug screens throughout the proceedings. Petitioner expressed that she intended to reside at the sober living facility for "a while," and the court found that she intended to stay there indefinitely, which was "a serious barrier to achieving permanency."

---

[3]K.M.-1 has reached the age of majority and is not at issue in this appeal.

The court further found that the DHHR offered services to petitioner, but the services made no meaningful change in petitioner's behavior. Petitioner admitted that she did not have safe or suitable housing, and the court found she had only been employed for two weeks during the previous year. The court found that petitioner had shown a pattern of instability and an inability to properly parent. The court described petitioner as "transient and unpredictable" and stated that "[a]lcohol ha[d] been a chronic and ongoing problem throughout this case." The court also found that petitioner failed to consistently participate in supervised visitation with the child and engaged in domestic violence during her improvement period. The court considered that the proceedings had been ongoing for "more than one year" and that petitioner had failed to achieve stability during that time.

Ultimately, the circuit court concluded that petitioner's habitual alcohol abuse seriously impaired her parenting skills; she had not responded to or followed through with treatment and services; and there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. The court also concluded that it was not in the child's best interest to be exposed to petitioner's unstable and unpredictable life. Based on the foregoing, the court found that there was no less restrictive disposition to termination of petitioner's parental and custodial rights to the children. Accordingly, the circuit court terminated petitioner's parental and custodial rights by its November 9, 2021, order. Petitioner now appeals that order.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to R.M. because the record does not support a finding that termination of her rights was "necessary for the welfare of the child," which is a finding that is required by West Virginia

---

[4]R.M.'s father voluntarily relinquished his custodial rights to the child. According to the parties, the permanency plan for R.M. is legal guardianship in the custody of paternal relatives.

Code § 49-4-604(c)(6). Petitioner asserts that the court's finding that "it is not in the child's best interest to be exposed to [petitioner's] unstable and unpredictable life" is the only finding that "seems to draw some correlation" between her conduct and its impact on R.M. According to petitioner, the court did not establish a sufficient nexus between her conduct and the welfare of the child. Finally, petitioner briefly argues that the circuit court erred in terminating her parental rights to R.M. rather than imposing a less-restrictive disposition.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the abusing adult has

> habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

Here, the circuit court found that petitioner failed to complete the terms of her improvement period and that she continued to abuse alcohol and engage in domestic violence despite the DHHR's provision of services. Therefore, it is clear from the court's findings that the conditions of abuse and neglect had not been remedied and there was no reasonable likelihood that the conditions would be substantially corrected in the near future. Notably, petitioner does not challenge this finding on appeal.

This evidence also supports the circuit court's finding that termination of petitioner's parental rights was necessary for the welfare of R.M. While petitioner has correctly identified one relevant finding—that "it is not in the child's best interest to be exposed to [petitioner's] unstable and unpredictable life"—the totality of the circuit court's findings is relevant here. Petitioner failed to correct the conditions of abuse and neglect, which means that the child would undoubtedly be abused or neglected if returned to petitioner's care. Further, R.M., who was just two years of age when removed from petitioner's care, requires a consistent, stable, and fully committed adult. This Court has long held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Upon our review of the record, the

4

circuit court's finding that termination was necessary for the welfare of R.M. is not clearly erroneous, and petitioner is entitled to no relief in this regard.

Finally, in response to petitioner's assertion that the circuit court failed to impose the least-restrictive disposition, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, it was within its discretion to terminate petitioner's parental rights to R.M. We find no abuse of that discretion here.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 9, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment